NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
NOEMI ACEVEDO,                            :
                                          :
    Plaintiff,                           :    Civil Action No. 14-7250 (SRC)
                                          :
    v.                                    :    **OPINION**
                                          :
COMMISSIONER OF SOCIAL                    :
SECURITY,                                 :
                                          :
    Defendant.                            :
_____:

**CHESLER, District Judge**

    This matter comes before the Court on the appeal by Plaintiff Noemi Acevedo ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

    In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning January 1, 2010. Hearings were held before ALJ Michal L. Lissek (the "ALJ") on January 29, 2013 and on May 22, 2013, and the ALJ issued a partially favorable decision on June 5, 2013, finding Plaintiff disabled during the period from January 1, 2010 through September 30, 2012, but that the period of disability then ended. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal. At issue in this appeal is the ALJ's decision that

Plaintiff was not disabled after September 30, 2012.

In the decision of June 5, 2013, the ALJ found that, as to the period after September 30, 2012, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work. At step four, the ALJ also found that this residual functional capacity was sufficient to allow Plaintiff to perform her past relevant work as a food and beverage order clerk. The ALJ also obtained testimony from a vocational expert, and concluded that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that, after September 30, 2012, Plaintiff was not disabled within the meaning of the Act.

Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on two grounds: 1) the residual functional capacity determination is not supported by substantial evidence; 2) the hypotheticals posed to the vocational expert did not accurately portray Plaintiff's impairments.

Although Plaintiff asserts that the residual functional capacity determination is not supported by substantial evidence, Plaintiff's brief does not discuss the evidence cited by the ALJ in support of this determination. Instead, it presents a list of items of medical evidence generally relating to Plaintiff's orthopedic problems – MRI results and the like. The list includes no items stating a medical opinion about what work Plaintiff is or is not capable of doing. The brief makes the vague and conclusory assertion that the ALJ failed to consider all the evidence before her and incorporate "the restrictions mandated by the medical record." (Pl.'s Br. 25.)

The brief does not point to any specific medical evidence of restrictions on Plaintiff's residual functional capacity.

In making the determination that Plaintiff retained the residual functional capacity for sedentary work, the ALJ largely relied on the opinion of consultative medical expert Dr. Fechner, who testified that, based on his review of the medical records, Plaintiff retained the residual functional capacity for sedentary work. (Tr. 47.) The ALJ considered the opinion of chiropractor Marie de Stefan that Plaintiff did not have sufficient ability to stand and walk to support a finding of capacity for sedentary work, but rejected that conclusion based on the evidence from Dr. Fechner.

Plaintiff has offered no basis to find that the ALJ erred in placing great weight on the opinion of Dr. Fechner. Nor has Plaintiff presented a reason for this Court to find that the ALJ erred by accepting the opinion of one medical expert and rejecting that of one other. The reviewing court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992). Plaintiff has failed to persuade this Court that the residual functional capacity determination is not supported by substantial evidence.

As for Plaintiff's argument about the hypothetical presented to the vocational expert, the parties have neither questioned nor briefed why the ALJ, after determining at step four that Plaintiff retained the residual functional capacity to perform her past relevant work, proceeded to step five.[1] Plaintiff contends that the hypotheticals posed did not accurately portray Plaintiff's

---

[1] "At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled." 20 C.F.R. § 404.1520(a)(4)(iv).

impairments. As to the legal requirements on this issue, the Third Circuit has held:

> We do not require an ALJ to submit to the vocational expert every impairment alleged by a claimant. Instead . . . the hypotheticals posed must "accurately portray" the claimant's impairments and that the expert must be given an opportunity to evaluate those impairments "as contained in the record." . . . Fairly understood, such references to all impairments encompass only those that are medically established . . . And that in turn means that the ALJ must accurately convey to the vocational expert all of a claimant's credibly established limitations.

Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005). Plaintiff's formulation thus relies on a proposition that the Third Circuit has rejected, that the hypothetical must include every impairment alleged by a claimant. Rutherford holds that the hypothetical need only reflect "all of a claimant's credibly established limitations." Id. Plaintiff has neither argued nor shown that the ALJ failed to do so.

Plaintiff has failed to persuade this Court that the ALJ erred in her decision. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

    s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: March 8, 2016